IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR  8 - 2007

GREGO... .'. LANGHAM
CLERK

Civil Action No. 06-cv-01179-BNB

ROBERT WHITE,

     Plaintiff,

v.

DR. D. THARP,
FRANK CORDOVA,
CHRISTOPHER LAMP, and
J. NEGRON,

     Defendants.

## ORDER GRANTING MOTION TO RECONSIDER AND
## DRAWING CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

     Plaintiff Robert White is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Milan, Michigan. Mr. White initiated this action by filing *pro se* in the United States District Court for the Eastern District of Michigan (Eastern District of Michigan) an application to proceed without prepayment of fees, a supporting affidavit, and a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Eastern District of Michigan granted Mr. White leave to proceed *in forma pauperis* without prepayment of the filing fee and ordered him to pay an initial partial filing fee of $36.00, which he paid on June 2, 2006.

     In an order entered on June 13, 2006, the Eastern District of Michigan dismissed the claims against four Defendants for failure to state a claim upon which relief may be

Dockets.Justia.com

granted, and ordered the clerk of that court to transfer the file and the remaining claims against the remaining Defendants to this Court because the remaining claims involved events that took place while Mr. White was incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence).

On June 22, 2006, Magistrate Judge Boyd N. Boland reviewed Mr. White's papers, found that they were deficient because Mr. White failed to file a prisoner complaint on the proper form approved for prisoners' use in this Court, and directed him within thirty days to file a prisoner complaint against the remaining Defendants if he wished to pursue his remaining claims in this Court in this action.  On July 10, 2006, Mr. White submitted to and filed with the Court an amended *Bivens* complaint for money damages and injunctive relief.  On July 27, 2006, Magistrate Judge Boland ordered Mr. White to show cause within thirty days why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step, administrative grievance procedure as to his asserted claims.  On August 11, 2006, Mr. White submitted his response to the order to show cause.  In an order filed on August 28, 2006, the Court dismissed the amended complaint and the action without prejudice for failure to demonstrate exhaustion of the BOP's three-step, administrative-grievance procedure.

On February 16, 2007, Mr. White submitted a motion titled "Motion to Reinstitute Bivens Law Suit Upon Exhaustion of Administrative Remedy."  The Court must construe liberally the February 16 motion because Mr. White is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate. *Hall*,

2

935 F.2d at 1110. For the reasons stated below, the motion to reinstate will be construed liberally as a motion to reconsider the August 28, 2006, dismissal, and the motion will be granted.

In the liberally construed motion to reconsider, Mr. White points out that the Tenth Circuit precedent upon which this Court relied incorrectly interpreted the exhaustion requirement of the Prisoner Litigation Reform Act (PLRA). In **Jones v. Bock**, 127 S. Ct. 910 (2007), the Supreme Court held that exhaustion is an affirmative defense and that the PLRA does not require total exhaustion, thus overruling **Steele v. Federal Bureau of Prisons**, 335 F.3d 1204 (10th Cir. 2003), and **Ross v. County of Bernalilo**, 365 F.3d 1181 (10th Cir. 2004), the decisions that formed the basis for this Court's dismissal. In light of **Jones**, the dismissal for failure to demonstrate exhaustion must be vacated.

Mr. White alleges that in 2001, while he was incarcerated at FCI-Florence, he was ordered to go to the medical clinic for a tuberculosis skin test. He asserts that instead of giving him the tuberculosis skin test, Defendants used him as a medical experiment by injecting him with an unknown medical substance that has caused his blood to become infected, resulting in severe health problems, including periodic diarrhea, eye problems, and painful Tinea Unguim/Onychomycosis, a fungal infection of the nails. He contends that Defendants eventually confessed to giving him a tetanus skin test accidentally instead of a tuberculosis skin test. On the basis of these allegations, he contends that his Eighth Amendment right to be free from cruel and unusual punishment has been violated. The Eighth Amendment claims against the

remaining defendants will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the August 28, 2006, dismissal without prejudice for failure to demonstrate exhaustion the United States Bureau of Prisons' three-step, administrative-remedy procedure as to Plaintiff's asserted claims is vacated. It is

FURTHER ORDERED that the case is drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 8 day of _____March_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  06-cv-01179-BNB

Robert White
Reg. No. 08089-041
FCI – Milan
PO Box 1000
Milan, MI 48160

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   3-8-07

GREGORY C. LANGHAM, CLERK

By: _____

                    Deputy Clerk