IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01179-EWN-KLM

ROBERT WHITE,

    Plaintiff(s),

v.

D. THARP, M.D.,
FRANK CORDOVA,
CHRISTOPHER LAMB,
J. NEGRON,

    Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Court's Order to Show Cause issued to Plaintiff on January 10, 2008 [Docket No. 29].

    The Amended Complaint in the above-captioned case was filed on July 10, 2006 [Docket No. 5]. By Order dated March 16, 2007, the United States Marshal was directed to serve a copy of the Summons and Amended Complaint on all Defendants [Docket No. 13]. On April 19, 2007, the Summons was returned un-executed for Defendant Cordova with the explanation that "Mr. Cordova is no longer employed at the Federal Correctional Complex in Florence, nor with the Federal Bureau of Prisons." [Docket No. 20].

    Accordingly, this Court issued an Order to Show cause dated January 10, 2008,

1

directing Plaintiff to file proof of service on Defendant Cordova, or respond, in writing to the Order to Show Cause on or before February 11, 2008 [Docket No. 29]. Plaintiff was expressly warned that "[f]ailure to respond and show good cause for Plaintiff's failure to properly serve Defendant Frank Cordova will result in this Court issuing a recommendation to dismiss Plaintiff's action as to that Defendant." [Docket No. 29].

Plaintiff responded to the Order to Show Cause by letter dated February 8, 2008, in which he requested an extension of time to respond to the Order to Show Cause [Docket No. 31]. Plaintiff stated that he was engaged in the process of obtaining Defendant Cordova's mailing address, but that prison officials had been slow in providing it to him. This Court denied Plaintiff's motion for an extension of time to respond to the Order to Show Cause, on the grounds that Plaintiff had been on notice since April 19, 2007 that Defendant Cordova had not been served with the Summons and Complaint and therefore was not properly made a party to this action [Docket No. 33; filed February 10, 2008]. Plaintiff failed to show good cause for his failure to serve Defendant Cordova or his delay in attempting to locate Defendant Cordova in order to effect service.

Fed. R. Civ. P. 4(m) requires service on defendants within 120 days after a complaint is filed and requires dismissal of a complaint without prejudice if such service is not made and good cause is not shown for such failure. As Plaintiff's Complaint was filed on July 10, 2006, Fed. R. Civ. P. 4(m) requires that all Defendants were served on or before November 7, 2006. "The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff

has not shown good cause." *Espinoza v. United States*, 52 F.3d 828, 840-41 (10th Cir. 1995). Furthermore, when a plaintiff proceeds *pro se* the court should be generous in determining whether to grant a permissive extension of time in which to serve defendants. *Id.* at 842.

In *Espinoza,* 52 F.3d at 841, the Tenth Circuit held that "[t]he preliminary inquiry to made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." In *In Re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996), the Tenth Circuit interpreted the phrase good cause "narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." (citations omitted). Likewise, "[m]istake of counsel or ignorance of the rules also usually do not suffice" in showing good cause for failure to serve. *Id.* at 176.

Applying *Espinoza*, 52 F.3d 838 and *Kirkland*, 86 F.3d at 174, I find that Plaintiff has not shown good cause for his failure to complete service of process. Plaintiff has known since April 19, 2007 that Defendant Frank Cordova was not properly served, but waited until receipt of the Court's January 10, 2008 Order to Show Cause in order to attempt to locate Defendant Cordova. I further find that Plaintiff is not entitled to a permissive extension of time to effect proper service of process because he has offered no reasonable explanation for his failure to accomplish service of process within the time provided by the rules.

I note that dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling." *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. October 28, 2005) (unpublished decision). The civil rights violation alleged by Plaintiff began on January 2, 2001, when he mistakenly received a tetanus injection instead of a tuberculosis skin test at the FCI Florence medical clinic. Plaintiff's claims against Defendant Cordova are likely barred by the applicable statute of limitations as "a *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citing *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) and *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984)). Because the violations alleged in the Complaint occurred in Colorado, the Colorado statute of limitations applies. In Colorado, the limitation on a personal injury claim is two years. *See* C.R.S. § 13-80-102(g) (creating a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"). Therefore, dismissal of Defendant Cordova without prejudice operates, in essence, as a dismissal with prejudice.

Under such circumstances, where Plaintiff is barred from refiling by the applicable statute of limitations, a court must "explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986); *see also Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (dismissal

without prejudice when statute of limitations has run is an extreme sanction which should only be used when lesser sanctions would not serve interests of justice). As such, I find that allowing a Defendant to be hailed into court more than six years after the complained-of event, nearly two years after the case was filed, and after the filing of a recommendation that all other Defendants who have entered an appearance be dismissed from the case based on the statute of limitations, is highly prejudicial to Defendant Cordova. I further find that there are no lesser sanctions which would serve the interests of justice.

Accordingly, for the reasons stated above, I respectfully **RECOMMEND** that Defendant Frank Cordova be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service of process as required by the Fed. R. Civ. P. 4(m).

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:
__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: February 26, 2008